W. Zev Abramson, Esq. #289387
Nissim M. Levin, Esq. # 306376
Christina Begakis, Esq. #316779
Karen Hakobyan, Esq. #334282
**ABRAMSON LABOR GROUP**
11846 Ventura Blvd., Ste 100
Studio City, CA 91604
Tel:   (213) 493-6300
Fax:   (213) 382-4083

Attorneys for Plaintiff,
RENE A. LARSON

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE A. LARSON, an individual,<br><br>Plaintiff<br><br>vs.<br><br>HOME DEPOT U.S.A. INC., a California Corporation; MICHAEL MCCARRON, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 23CV0176 CAB KSC<br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Disability Harassment in Violation of FEHA;<br>2. Disability Discrimination in Violation of FEHA;<br>3. Failure to Prevent Disability Discrimination in Violation of FEHA<br>4. Disability Retaliation in Violation of FEHA<br>5. Failure to Accommodate;<br>6. Failure to Engage in the Good Faith Interactive Process;<br>7. Failure to Provide Meal & Rest Periods<br>8. Wrongful Termination in Violation of Public Policy<br><br>Over $25,000 |

PLAINTIFF complains and alleges as follows:

1. Plaintiff Rene A. Larson ("Plaintiff") is a former employee of Defendant and a resident of the State of California.

2. At all times mentioned herein, upon information and belief, Defendant HOME DEPOT USA Inc., (hereinafter referred to as "Defendant HOME DEPOT" and collectively with all other Defendants as "Defendants") was, and now is a Delaware corporation doing business in the State of California, County of San Diego. At all times herein mentioned, upon information and belief, Defendant HOME DEPOT employed Plaintiff at 725 Plaza Court, Chula Vista, CA 91910.

3. At all times mentioned herein, upon information and belief, Defendant MICHAEL MCCARRON (hereinafter referred to as "Mr. McCarron" and collectively with all other Defendants as "Defendants" is a resident of the State of California and was a Manger, Supervisor, Managing Agent, and/or Employee of Defendant HOME DEPOT.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the DOE Defendants reside in the State of California and is in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5. Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395 and 395.5 because Defendant does business in San Diego County and because the incidents underlying this action took place in San Diego County.

6. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-Defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her agency, employment, or representative capacity, with the consent of her/his co-Defendants.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. On November 18, 2022, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH").

8. On November 18, 2022, the DFEH issued Plaintiff a "Right to Sue Notice."

## **GENERAL ALLEGATIONS**

9. Plaintiff worked for Defendant HOME DEPOT as an overnight inventory associate from or around December 19, 2019, until his wrongful termination on or about December 28, 2021.

10. On or around September 23, 2021, Plaintiff was injured while performing work, resulting in a disability. Specifically, Plaintiff suffered from a hernia as a result of his workplace injury. Plaintiff immediately reported his injury and disability to his direct supervisors, Ms. Robin Lee ("Supervisor Lee") and Mindy Bruso ("Supervisor Bruso"), and requested accommodations, including leaving work to see a doctor and placing him on light duty given that his job duties required him moving heavy objects.

11. Rather than engaging in good faith interactive process and attempting to accommodate Plaintiff, Supervisor Lee and Supervisor Bruso refused to place Plaintiff on light duty and pressured Plaintiff not to report his injury and finish his night shift instead. Plaintiff told Robin Lee that he was in pain. In response, Supervisor Lee told Plaintiff, "If you want to be promoted, it is

in your best interest to just keep working in the department and see if you can deal with the injury on your own and outside of your work."

12. In fear of losing his employment, Plaintiff did not request a disability leave to treat his injury and continued working while being disabled.

13. Starting in or around September 2021, Plaintiff's supervisor, Mr. McCarron, made harassing comments regarding Plaintiff's disability to Plaintiff and would frequently leer at Plaintiff, creating a hostile work environment for Plaintiff.

14. In or around October 2021, due to Defendant's failure to accommodate Plaintiff's disability, Plaintiff's injury was aggravated. Plaintiff made a verbal report to Supervisor Lee and requested to take time off to visit a doctor. Supervisor Lee told Plaintiff to wait because he was going on vacation and could not address Plaintiff's complaints and accommodation requests, stating, "It's just a hernia. It's not a big deal."

15. Due to Defendant's failure to accommodate and yet another aggravation of Plaintiff's injury on or around November 2021, Plaintiff called Defendant's Human Resources ('HR") department and reported his injury requesting accommodations. In response, the HR representative informed Plaintiff that he would be written up and subsequently terminated if he continued requesting time off to visit a doctor and treat his disability.

16. Despite Defendant's knowledge of Plaintiff's disability and need for accommodation, Defendant did not engage in good faith interactive process or attempt to accommodate Plaintiff's disabilities. Instead, Defendant wrongfully terminated Plaintiff's employment on or about December 28, 2021, thus retaliating against Plaintiff due to his disabilities and requests for accommodations.

17. Such conduct provides evidence of Defendant's discriminatory animus against Plaintiff based on his disability, including the need for accommodations.

18. During Plaintiff's employment, Defendant did not permit Plaintiff to take a timely and/or uninterrupted meal and rest periods.

19. Plaintiff complained to an HR representative about not being able to take his uninterrupted meal and rest periods. In response, the HR representative angrily told Plaintiff, "If you don't want to be blacklisted, better keep your mouse shut."

20. At least through December 28, 2021, and continuing, Defendant failed and/or refused to rehire/reinstate Plaintiff and/or offer Plaintiff employment in any capacity or investigate Plaintiff's complaints and take appropriate remedial actions.

21. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but subject to proof at trial.

22. Plaintiff has suffered damages in an amount greater than $25,000.

23. Plaintiff requests a jury trial.

<u>**First Cause of Action**</u>

**DISABILITY HARASSMENT IN VIOLATION OF FEHA**

**(Against All Defendants & DOES 1 Through 100)**

24. Plaintiff re-alleges the allegations set forth in Paragraphs 1-23 as though fully set forth and alleged herein.

25. At all times, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of California <u>Government Code</u> §§ 12926.1(b) et seq., because he was a person with an actual, perceived, potentially

disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: hernia disability.

26. At all times relevant times herein, Defendants were on notice of Plaintiff's disabilities, need for accommodations, and/or need for legally protected medical leave.

27. On a severe and/or pervasive basis beginning in or around September 2021 and continuing at least through December 28, 2021, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff under the totality of circumstances due to Plaintiff's actual and/or perceived disability(s), need for accommodations.

28. The acts and conduct of Defendants HOME DEPOT and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment against persons, such as Plaintiff, on the basis of actual/perceived physical/mental disabilities and the prohibition of actual/perceived physical/mental disability harassment. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an actually and/or perceived to be disabled employee and within a protected class covered by California Government Code § 12940, prohibiting actual/perceived physical/mental disability harassment in employment.

29. Plaintiff exhausted Plaintiff's administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendant performed the unlawful acts as herein alleged. In response, the Department of Fair Housing and Employment issued the Notice of Case Closure and Right-to-Sue Letter granting Plaintiff the right to sue Defendant.

30. By the acts and conduct described above, Defendant HOME DEPOT and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived physical/mental disability harassment. The acts of harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, Plaintiff's actual/perceived physical/mental disability(s) and/or complaints about the unlawful conduct were motivating reasons and/or factors in Defendants' conduct.

31. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered severe emotional distress, medical expenses, substantial losses in salary and benefits which Plaintiff would have received from Defendants, all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

32. As a further direct and proximate result of Defendants' unlawful harassment and wrongful termination, Plaintiff has suffered emotional distress in a sum within the jurisdiction of this court, to be ascertained according to proof.

33. The grossly reckless, careless, negligent, and/or intentional, malicious, and bad faith manner in which Defendants, acting by and through its officers, directors, and/or managing agents, engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for refusing to comply with their willful violations of the above-referenced statutes entitles Plaintiff to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish

1
2
Defendants, deter it from engaging in such conduct again, and to make an example of it to others.

3
4
34. Plaintiff also prays for reasonable costs and attorney fees against Defendants for the prosecution of this action.

5
<u>**Second Cause of Action**</u>

6
7
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**(Against Defendant HOME DEPOT, and DOES 1 Through 100)**

8
9
35. Plaintiff re-alleges the allegations set forth in Paragraphs 1-34 as though fully set forth and alleged herein.

10
11
12
13
14
15
16
17
18
19
20
36. California Government Code §12940 *et. seq.* states that "It is an unlawful employment practice…[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

21
22
23
37. Plaintiff, at all pertinent times detailed herein, is/was able to perform the essential duties of Plaintiff's position without endangering the health or safety of Plaintiff or other employees of Defendant.

24
25
26
27
38. Defendant violated the above-referenced statute when adversely impacting Plaintiff's employment as a result of Plaintiff being a member of a protected class as defined within the statute and discriminating against Plaintiff in compensation or in terms, conditions, or privileges of employment.

28

39. Specifically, Defendant discriminated against Plaintiff by failing to promote, failing to hire, terminating, demoting, and/or causing Plaintiff other adverse employment actions based upon Plaintiff's disabilities.

40. Plaintiff exhausted Plaintiff's administrative remedies under the California Fair Employment and Housing Act by filing charges that Defendant performed the unlawful acts as herein alleged. In response, the Department of Fair Housing and Employment issued the Notice of Case Closure and Right-to-Sue Letter granting Plaintiff the right to sue Defendant.

41. Defendant violated California Government Code §12940 *et. seq.* by doing the detailed acts all because of Plaintiff's status as a member of a class of persons protected under the above-referenced statute.

42. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered severe emotional distress, medical expenses, substantial losses in salary and benefits which Plaintiff would have received from Defendant, all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

43. As a further direct and proximate result of Defendant's unlawful discrimination and wrongful termination, Plaintiff has suffered emotional distress in a sum within the jurisdiction of this court, to be ascertained according to proof.

44. The grossly reckless, careless, negligent, and/or intentional, malicious, and bad faith manner in which Defendant, acting by and through its officers, directors, and/or managing agents, engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff for refusing to comply with their willful violations of the above-referenced statutes entitles Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this

court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter it from engaging in such conduct again, and to make an example of it to others.

45. Plaintiff also prays for reasonable costs and attorney fees against Defendant for the prosecution of this action.

<u>**Third Cause of Action**</u>

**FAILURE TO PREVENT DISABILITY DISCRIMINATION**

**(Against Defendant HOME DEPOT, and DOES 1 Through 100)**

46. Plaintiff re-alleges the information set forth in Paragraphs 1-45 as though fully set forth and alleged herein.

47. This cause of action is based upon California Government Code section 12940(k) which makes it unlawful for an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

48. Plaintiff exhausted his administrative remedies under the California Fair Employment and Housing Act by filing charges with the DFEH based on the aforementioned against Defendants.

49. Plaintiff was an employee of Defendant and was subjected to disability discrimination in the course of his employment.

50. At all times herein mentioned, Defendant was Plaintiff's employer, and qualified employers under the FEHA and California Code of Regulations acting within the course and scope of that employment. Plaintiff at all times was a covered eligible employee as defined in the sections set forth above.

51. Defendant, supervisors and managing agents, and each of them, while acting in the course and scope of their employment with Defendant and in carrying out the policies and practices of Defendant, discriminated and retaliated

against Plaintiff on the basis of his disabilities, failed to take all necessary steps to prevent discrimination and retaliation from occurring, failed to take immediate corrective action, failed to make all reasonable accommodations for the known physical disability of Plaintiff, failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations, if any, by Plaintiff who had a known physical or known medical condition by the following actions among others including terminating Plaintiff's employment.

52. Defendant failed to stop the discrimination and retaliation against Plaintiff because of his disabilities and terminated his employment as a result of his disabilities and request for disability accommodations.

53. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer severe emotional distress, loss of earnings, medical expenses, benefits plus expenses incurred in obtaining substitute employment, all to his damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

54. As a further direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered emotional distress, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

55. As a result of the grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others.

56. Plaintiff is informed, believes, and based thereon, alleges that the outrageous

conduct of Defendant described above, in this cause of action, was done with oppression and malice by Plaintiff's supervisors and managers, including Defendant, and was ratified by those other individuals who were managing agents of Defendant. Furthermore, these unlawful acts were ratified by Defendant, whose managing agents and human resources department approved the termination of Plaintiff, and was done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

57. Plaintiff also prays for reasonable attorney fees, as allowed by the Fair Employment and Housing Act for Plaintiff's prosecution of this action in reference to the legal violations and code violations described herein.

## **Fourth Cause of Action**

### **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

### **(Against Defendant HOME DEPOT, and DOES 1 Through 100)**

58. Plaintiff re-alleges the information set forth in Paragraphs 1-57 as though fully set forth and alleged herein.

59. This cause of action is based upon California Government Code Section 12940, *et seq.,* which prohibits employers from retaliating against employees who make a request for accommodation for their disabilities and prohibits employers from retaliating against employees who require medical leave due to a disability.

60. At all times herein mentioned, Defendant was Plaintiff's employer and qualified employer under the FEHA and California Code of Regulations acting within the course and scope of that employment. Plaintiff at all times

was a covered eligible employee as defined in the sections set forth above.

61. Defendant, through officers, directors, managing agents, or supervisory employees, violated California Government Code Section 12940, *et seq.*, by doing the following acts, all because of Plaintiff's disabilities and requests for accommodation of disabilities, including but not limited to: terminating Plaintiff's employment.

62. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and received Notice of Case Closure/Right-to-Sue Letter from the DFEH, allowing the Plaintiff to sue Defendant.

63. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

64. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

65. The grossly reckless, careless, negligent, oppressive, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action entitles Plaintiff to punitive damages against Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish Defendant, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and, based thereon, alleges that the punitive conduct of Defendant was ratified by those other individuals who were managing agents of Defendant. These unlawful acts

were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

## Fifth Cause of Action

### FAILURE TO ACCOMMODATE

### (Against Defendant HOME DEPOT, and DOES 1 Through 100)

66. Plaintiff re-alleges the information set forth in Paragraphs 1-65 as though fully set forth and alleged herein.

67. At all times herein mentioned, Defendant is an employer subject to the Fair Employment and Housing Act.

68. This cause of action is based upon Government Code § 12940(m), which requires employers to make reasonable accommodation for an employee's known physical or mental disability, and upon Government Code § 12926(m), which defines a qualifying disability as one that affects a major bodily system and limits a major life activity.

69. The law imposes upon, "an employer who knows of the disability of an employee…an affirmative duty" to find ways to accommodate that disability, such as by offering the employee "suitable job opportunities with the employer…if the employer can do so without undue hardship." *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th, 935, 950 (1997).

70. The duty to accommodate an employee's disability is broad and often requires employers to hold "a job open for a disabled employee who needs time to recuperate or heal," where it appears likely that the employee will be able to return to an existing position at some point in the foreseeable future. *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000).

71. Plaintiff's hernia disability constitutes a disability as defined above in Government Code §12926(m).

72. Defendant was well aware of Plaintiff's disability and his need for accommodation because Plaintiff notified his direct supervisors and HR representatives on numerous occasions.

73. Plaintiff was otherwise able to perform all essential functions of his job upon his anticipated return.

74. Defendant failed to reasonably accommodate Plaintiff's by wrongfully terminating his employment.

75. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer severe emotional distress, loss of earnings, medical expenses, benefits plus expenses incurred in obtaining substitute employment, all to his damage in a sum within the jurisdiction of this Court, to be ascertained according to proof.

76. As a result of the grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendant engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

77. Plaintiff also prays for reasonable attorney fees, as allowed by the Fair Employment and Housing Act for Plaintiff's prosecution of this action in reference to the legal violations and code violations described herein.

/ / /

## Sixth Cause of Action

## FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS

### (Against Defendant HOME DEPOT, and DOES 1 Through 100)

78. Plaintiff re-alleges the information set forth in paragraphs 1-77 as though fully set forth and alleged herein.

79. As alleged herein and in violation of California Government Code section 12940(n), Defendant violated the California Fair Employment and Housing Act by, among other things, refusing and/or failing to engage in a timely, good faith, interactive process with Plaintiff regarding his disabilities and accommodation of such disabilities.

80. The law imposes upon, "an employer who knows of the disability of an employee…an affirmative duty" to find ways to accommodate that disability such as by offering the employee, "suitable job opportunities with the employer…if the employer can do so without undue hardship." *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th, 935, 950 (1997).

81. The duty to accommodate an employee's disability is broad and often requires employers to hold, "a job open for a disabled employee who needs time to recuperate or heal," where it appears likely that the employee will be able to return to an existing position at some point in the foreseeable future. *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 263 (2000).

82. Here, Defendant failed to engage in the interactive process with Plaintiff because they wrongfully terminated his employment when Plaintiff requested accommodation for his disabilities.

83. As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment

benefits.

84. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

85. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action entitles Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter it from engaging in such conduct again, and to make an example of it to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendant was ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

## Seventh Cause of Action

### FAILURE TO PROVIDE MEAL & REST PERIODS

### (Against Defendant HOME DEPOT, and DOES 1 Through 100)

86. Plaintiff re-alleges the information set forth in paragraphs 1-85 as though

fully set forth and alleged herein.

87. Under Section 11 of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to provide Plaintiff a 30-minute minimum meal period in any work period of more than 5 hours, and a second 30-minute minimum meal period in any work period of more than 10 hours.

88. Under Section 12 of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to provide Plaintiff a 10-minute minimum rest period per four hours worked, or major fraction thereof, to be taken, as far as practicable, in the middle of the work period.

89. Under Labor Code section 512, Defendant was prohibited from employing Plaintiff for a work period of more than 5 hours without providing Plaintiff a meal period of not less than 30 minutes, and from employing Plaintiff for a work period of more than 10 hours without providing Plaintiff a second meal period of not less than 30 minutes.

90. Labor Code section 226.7, subdivision (a), provides: "No employer shall require any employee to work during any meal or rest periods mandated by applicable order of the Industrial Welfare Commission."

91. Pursuant to Labor Code section 515.5, Plaintiff was a non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, Section 11040.

92. Pursuant to Section 11 (B) of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to pay Plaintiff one additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided to Plaintiff, in addition to paying Plaintiff compensation for the time worked including the missed meal period.

93. During the course of Plaintiff's employment, Defendant failed to provide Plaintiff with meal or rest periods and required Plaintiff to work during mandated meal and rest periods, in violation of the Industrial Welfare Commission Orders, Labor Code Section 226.7, subdivision (a), and Labor Code section 512.

94. Pursuant to Section 12 (B) of Industrial Welfare Commission, California Code of Regulations, Title 8, Section 11040, Defendant was required to pay Plaintiff one additional hour of pay at his regular rate of compensation for each work day that the rest period was not provided to her, in addition to paying his compensation for the time worked including the missed rest period.

95. Under Labor Code section 226.7, subdivision (b), Defendant was required to pay Plaintiff one additional hour of pay at his regular rate of compensation for each work day that the meal period was not provided, and one additional hour of pay at Plaintiff's regular rate of compensation for each work day that the rest period was not provided. Plaintiff therefore requests restitution and that Plaintiff be compensated under section 226.7.

96. Defendant willfully refused and continue to refuse to compensate Plaintiff for missed meal and rest periods as required by the aforementioned statutes and regulations. Plaintiff therefore requests restitution and penalties as provided by Labor Code section 203.

97. Under Labor Code section 558, an employer who violates a section of Chapter 1 of Part 2 of Division 2 of the Labor Code, which includes Section 512, or any provision of the Industrial Welfare Commission regulating hours of work, is subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50.00) for each underpaid employee for each pay period for which the employee was underpaid, in addition to an amount sufficient to recover underpaid wages; and (2) For each subsequent violation, one

hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid, in addition to an amount sufficient to recover underpaid wages.

98. Under Labor Code section 218.5, Plaintiff is entitled to an award of reasonable attorney fees and costs in this action for the nonpayment of wages. Labor Code section 200 defines "wages" as including "all amounts for labor performed by employees," which includes the amounts owed by Defendant to Plaintiff described in this cause of action.

## Eight Cause of Action

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant HOME DEPOT, and DOES 1 Through 100)

99. Plaintiff re-allege the information set forth in Paragraphs 1-98 above and, by this reference, incorporates said paragraphs herein as though fully set forth at length.

100. Prior to filing suit in this action, Plaintiff was issued a "Right to Sue Notice" by the California Department of Fair Employment and Housing (DFEH). Plaintiff has complied will all administrative prerequisites to suit and thus has exhausted all of his administrative remedies.

101. Plaintiff's employment was wrongfully terminated, in violation of substantial and fundamental public policies of the State of California that inures to the benefit of the public, with respect to retaliation, tortious discharge, and adverse employment actions taken against Plaintiff for his disabilities and request for accommodation all in violation of various state statutes including but not limited to violations of California's Constitution and the Fair Employment and Housing Act.

102. As a result of their employment relationship, Defendant was obligated to restrain from discharging Plaintiff for reasons which violate or circumvent

said policy, law, or the objectives that underlie each and not to compound their illegal conduct by discriminating and/or harassing Plaintiff.

103. Defendant's acts in failing to prevent discrimination against Plaintiff based on his disabilities were willful, intentional, malicious, and showed a reckless disregard for the rights of Plaintiff.

104. Plaintiff was retaliated and wrongfully terminated from Plaintiff's employment on or about December 28, 2021, due to Plaintiff's actual/perceived disabilities, need for accommodations, Defendant's acts by, among other things, failing to investigate and prevent disability discrimination against Plaintiff were willful, intentional, malicious, and showed a reckless disregard for the rights of Plaintiff.

105. As such, Plaintiff was retaliated and wrongfully terminated from his employment for reasons that violate a public policy(s).

106. As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

107. As a direct, foreseeable, and proximate result of the conduct of Defendant, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which he would have received from Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

108. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action entitles Plaintiff to punitive damages against said Defendant in an amount within the jurisdiction of this

court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.  Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said Defendant was ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

109. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by the California Constitution, the California Government Code §§ 12920 and 12940 et seq., was to prohibit employers from discriminating, and retaliating against and/or wrongfully terminating any individual on the grounds of their actual/perceived disabilities. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

110. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to engage in the mandatory good-faith interactive process with disabled employees to determine the extent of their disabilities and determine how they could be reasonably accommodated. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

111. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to provide reasonable accommodations to disabled employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

112. By the aforesaid acts and conduct of Defendant and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

113. As a result of the unlawful acts of Defendant and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendant refrain from unlawfully and wrongfully terminating their employees, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

114. As a result of Defendant's retaliatory or other illegal and prohibited acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

115. The damages herein exceed $25,000.00 and Plaintiff requests a jury trial.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of job security and all damages flowing therefrom;

3. For all general and special damages to compensate Plaintiff for any medical expenses and suffering and related damages;

4. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

5. For all interest as allowed by law;

6. For all costs and disbursements incurred in this suit;

7. For attorneys' fees;

8. For such other and further relief as the Court deems just and proper.

DATED: February 27, 2023          **ABRAMSON LABOR GROUP**

By: __/s/ Christina Begakis_____
    Christina Begakis, Esq.
    Karen Hakobyan, Esq.
    Attorneys for Plaintiff